UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DEVON COLEY,

                        Plaintiff,

              -against-

CITY OF NEW YORK; Correction Officer
AYANA HOBBS, Shield No. 7168; Correction
Officer DANIELLE DIGLIO, Shield No. 6861;
Captain TAMARA FEE, Shield No. 482; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                        Defendants.

----------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

15 CV 9335 (RA) (JCF)

## <u>NATURE OF THE ACTION</u>

1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## <u>JURISDICTION AND VENUE</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and

the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331,

1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

**JURY DEMAND**

6.     Plaintiff demands a trial by jury in this action.

**PARTIES**

7.     Plaintiff Devon Coley ("plaintiff" or "Mr. Coley") is a resident of New York County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

9.     Defendant Correction Officer Ayana Hobbs, Shield No. 7168 ("Hobbs"), at all times relevant herein, was an officer, employee and agent of the DOC.  Defendant Hobbs is sued in her individual and official capacities.

10.     Defendant Correction Officer Danielle Diglio, Shield No. 6861 ("Diglio"), at all times relevant herein, was an officer, employee and agent of the DOC.  Defendant Diglio is sued in her individual and official capacities.

11.     Defendant Captain Tamara Fee, Shield No. 482 ("Fee"), at all times relevant herein, was an captain, employee and agent of the DOC.  Defendant Fee is sued in her individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were correction officers or supervisors employed by the DOC. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     On January 17, 2015, Mr. Coley was incarcerated in the George Motchan Detention Center jail on Rikers Island ("GMDC").

16.     Inside Mr. Coley's housing area, defendants Hobbes and Diglio were engaged in a corrupt scheme with several inmates to steal from and brutalize targeted inmates on the cell block, including Mr. Coley.

17.     Pursuant to the conspiracy, defendant officers opened Mr. Coley's cell to certain inmates and facilitated the theft of Mr. Coley's belongings.

18.     At approximately 11:30 a.m., in furtherance of the conspiracy, defendants Hobbs and Diglio brought Mr. Coley to the dayroom, an area of the facility where the officers knew video camera were inoperative, for the purpose of having him beaten by inmates involved in the conspiracy.

19.     Mr. Coley was left alone with a number of inmates and immediately set upon and attacked.

20.     Even though the officers knew that Mr. Coley was being assaulted, the officers stayed away and did nothing, permitting the assault to continue.

21.     Defendant Hobbs then maced Mr. Coley, grabbed him, and held him as two other inmates ran up and punched Coley in the face.

22.     Mr. Coley sustained serious injuries, including right mandibular angle and left parasymphyseal mandibular fractures, requiring surgical intervention and the insertion of two metal plates in Mr. Coley's jaw.

23.     Following the assault, Mr. Coley was denied access to medical treatment

for an extended period of time.

24.    Mr. Coley was ultimately taken to a clinic on Rikers Island and then to the hospital.

25.    Following Mr. Coley's injury on January 17, 2015, defendant Fee aided defendants Hobbs and Diglio in covering up the assault; together, the three conspired to prevent a legitimate investigation of their misconduct.

26.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Municipal Liability – *Monell*

30.    The City of New York has an unconstitutional policy, practice and/or custom in connection with the management and staffing of its Rikers Island jails, including GMDC.

31.    At all relevant times, GMDC was inadequately staffed.

32.    At all relevant times, incidents of inmate violence were not accurately or completely reported, and no legitimate effort was made to prevent them.

33.    At all relevant times, DOC failed to implement adequate safeguards to prevent corrupt practices such as those at issue in this case from infringing on the rights of inmate victims including Mr. Coley.

34.    At all relevant times, correction officer facilitation of inmate theft and violence was insufficiently detected, investigated and punished.

35.    As a consequence of these failures, and the negligent and intentional misconduct described herein, GMDC has had, at all relevant times, a culture of violence.

36.    At all relevant times, DOC failed to maintain the video camera systems inside its jails, including the facility in which plaintiff was housed on January 17,

2015; as a consequence, corrupt correction officers are able to initiate violence in areas that are not recorded.

37.     DOC does not act to correct broken video cameras in a constitutionally timely manner; the policy of inaction is deliberately indifferent to the rights of inmates and directly caused Mr. Coley's rights to be violated.

38.     The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom described in paragraphs 31-37, *supra*, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>SECOND CLAIM</u>
**Negligence; Negligent Hiring/Training/Retention**

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

42.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

43.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

44.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

45.     The individual defendants' conduct as described herein constituted at least negligence. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

46.     The conduct of unnamed City employees was also at least negligent. Defendant City, as employer of each of the employees, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

47.     It was at least negligent to leave the broken video cameras in Mr. Coley's facility unrepaired.

48.     It was at least negligent to permit Mr. Coley to be injured while in the custody of defendant Hobbs.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>THIRD CLAIM</u>

Negligent Infliction of Emotional Distress

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     By reason of the foregoing, the defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

52.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

53.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

57.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff.

58.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Conspiracy

59.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.     The officer defendants and the inmates agreed to violate provisions of the state and federal constitution and cause Mr. Coley to be grievously injured.

61.     Accordingly, defendants violated the Fourth and Fourteenth Amendment because they conspired to deprive Mr. Coley of his rights.

62.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     Those defendants that were present and observed the events described herein had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

66.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:        June 3, 2016
              New York, New York


                        HARVIS & FETT LLP

                        _____
                        Gabriel P. Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@civilrights.nyc

                        *Attorneys for plaintiff*

-12-
